UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 11-2962 CAS (PLAx) | Date | May 17, 2011 |
| Title | MLSRE, INC. v. SHIRLEY A. SUMMY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (In Chambers:) **PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO REMAND** (filed 05/09/11)

## I.   INTRODUCTION

On March 10, 2011, plaintiff MLSRE, Inc. filed suit against defendant Shirley A. Summy in the Los Angeles County Superior Court alleging a state law cause of action for unlawful detainer (the "state court action"). On March 16, 2011, defendant filed a demurrer in the state court action. The state court overruled defendant's demurrer on April 6, 2011, and ordered her to answer the unlawful detainer complaint in five days. See Pl.'s RJN, Exh. E.[1] On April 7, 2011, defendant filed a Notice of Removal of the state court action in this Court. Defendant apparently never notified plaintiff or the state court that she had filed the Notice of Removal.[2] See Declaration of Michelle Scales ¶ 4; Declaration of Dennis Block ¶ 4. Accordingly, when defendant failed to file an answer to the complaint, on April 14, 2011, the state court entered a default judgment against her and issued a writ of possession. See Pl.'s RJN, Exh. F. On April 26, 2011, the writ was served by the Los Angeles County Sheriff. Block Decl. ¶ 6. Finally, on May 5, 2011,

---

[1] The Court takes judicial notice of the state court's ruling on defendant's demurrer, as well as the default judgment and writ of possession, pursuant to Fed. R. Evid. 201. See Pl.'s RJN, Exhs. E and F.

[2] Defendant's Notice of Removal contains exhibits purportedly filed in state court entitled, "Motions for Stay of All Proceedings Pending Removal to Federal Court," and "Notice of Removal to U.S. District Court Central District of California," but there is no filing stamp or date confirming that these documents were ever actually filed with the state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 11-2962 CAS (PLAx) | Date | May 17, 2011 |
| Title | MLSRE, INC. v. SHIRLEY A. SUMMY; ET AL. | | |

defendant notified plaintiff of the filing of the Notice of Removal in this Court. Id. According to defendant, the state court stayed proceedings in the state court action on May 6, 2011. Opp'n at 2.

On May 9, 2011, plaintiff filed the instant ex parte application to remand the action to state court.³ Defendant filed an opposition on May 11, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13, 27–28 (1983). Where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if: (1) the federal issues are essential to the claims; (2) there is a substantial federal interest in resolving such issues; and (3) a federal

---

³ Plaintiff's motion to remand is timely. See 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 11-2962 CAS (PLAx) | Date | May 17, 2011 |
| Title | MLSRE, INC. v. SHIRLEY A. SUMMY; ET AL. | | |

forum may entertain the state-law claims without disturbing the balance of federal and state judicial responsibilities. See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–15 (2005).

## III.  DISCUSSION

As a preliminary matter, the Court notes that there is no basis for removal founded on diversity jurisdiction.[4] Removal on the basis of diversity jurisdiction requires that the parties be in complete diversity and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1); see Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). In the instant case, plaintiff alleges that the claim is under $10,000, and only seeks "damages in the amount of $56.67 per day since 3/8/11." See Caption of Complaint and Prayer for Relief. Defendant alleges no facts to demonstrate that the amount in controversy exceeds $75,000.

With regard to jurisdiction based on a federal question, under 28 U.S.C. § 1441, an action is removable to federal court only if it might have been brought there originally. Federal courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The question of whether the claim arises under federal law for purposes of 28 U.S.C. § 1331 must be determined by reference to plaintiff's complaint. Franchise Tax Bd., 463 U.S. at 9-10. In this case, plaintiff's unlawful detainer action arises under California law. Defendant's defenses under various federal statutes do not provide a basis for federal jurisdiction. See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908) ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States.").

---

[4] Although defendant was proceeding pro se when she removed the state court action, she is now represented by counsel. In her opposition to plaintiff's ex parte application, defendant does not argue that there is a basis for federal jurisdiction. Instead, defendant contends that ex parte relief is not warranted. See Opp'n at 2–4. The Court disagrees. Due to defendant's filing of the Notice of Removal, plaintiff is unable to take legal possession of the property until the state court can adjudicate the unlawful detainer action. See Block Decl. ¶ 7 ("the sheriff is prevented from completing the lockout on the writ of possession . . . due to the Notice of Removal.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-2962 CAS (PLAx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | MLSRE, INC. v. SHIRLEY A. SUMMY; ET AL. | | |

To the extent that defendant's removal can be construed as a request for this Court to review the Superior Court's April 6, 2011 decision, the Court is barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, a federal court is without jurisdiction to exercise appellate review of state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 485–87 (1983). Specifically, the Rooker-Feldman doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the judgment itself violates the loser's federal [constitutional] rights." Johnson v. DeGrandy, 512 U.S. 997, 1005–06 (1994). While defendant contends that the foreclosure sale itself was unlawful and should be set aside, defendant fails to show why she cannot raise her defenses to the foreclosure sale in proceedings in the Superior Court.

In its ex parte application, plaintiff requests that the Court remand the action nunc pro tunc to the date of filing, April 7, 2011, to make clear to the state court that it had authority to grant the unlawful detainer default judgment on April 14, 2011. Ex Parte App. at 2, 14–16. Because the Court has found no authority for such an order, the Court denies plaintiff's request. See BDA Inv. Props. LLC v. Sosa, No. CV 11–03684 GAF (Rzx), 2011 WL 1810634, at *4 n.2 (C.D. Cal. May 12, 2011) (denying similar nunc pro tunc remand request "because there is no authority for such a request and Plaintiff has failed to indicate that removal had an effect on the state court judgment").

Finally, plaintiff seeks attorneys' fees and costs in the amount of $3,000 pursuant to 28 U.S.C. § 1447(c). Ex Parte App. at 2. In light of the fact that defendant was pro se when she filed the Notice of Removal, the Court denies plaintiff's request for attorneys' fees and costs. See Boutrup v. Washburn, No. CIV–S–09–2678 GGH, 2009 WL 4573299, at *2 (E.D.Cal. Nov. 24, 2009) ("while having the status of pro se does not set up a dichotomy of rules vis-a-vis represented litigants, . . . pro se status warrants some consideration when reviewing a § 1447(c) request.") see also Sign Designs, Inc. v. Johnson United, Inc., No. 2:11–cv–00313–MCE–KJN, 2011 WL 1549396, at *3 (E.D. Cal. Apr. 21, 2011) ("Absent unusual circumstances, a court may not award attorney's fees pursuant to § 1447(c) unless 'the removing party lacked an objectively reasonable basis for seeking removal.'") (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES - GENERAL** | | JS-6 | |
|---|---|---|---|
| Case No. | CV 11-2962 CAS (PLAx) | Date | May 17, 2011 |
| Title | MLSRE, INC. v. SHIRLEY A. SUMMY; ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court finds that it lacks subject matter jurisdiction over this case, and hereby REMANDS the action to the Los Angeles County Superior Court for any necessary further proceedings. The Court hereby DENIES plaintiff's request for attorneys' fees and costs.

IT IS SO ORDERED.

                                                                                                                  :

Initials of Preparer